UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

Michael Econn,

                      Plaintiff,

            -against-

Barclays Bank PLC and Barclays Capital, Inc.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

07 Civ. 2440 (BSJ)

Magistrate Judge Gabriel W. Gorenstein

(PROPOSED) 9
SCHEDULING ORDER   /GW/

       The parties held their initial Case Management Conference pursuant to Fed. R. Civ. P. 16(a) on September 22, 2010. In accordance with Fed. R. Civ. P. 26(f), and pursuant to this Court's September 1, 2010 Order, counsel for the parties conferred prior to the Conference and submitted the information set forth below.

1.     Appearances

       Anne C. Vladeck, Esq.
       Maia Goodell, Esq.
       Vladeck, Waldman, Elias & Engelhard
       1501 Broadway
       New York, NY 10036
       (212) 403-7327
       Attorneys for plaintiff Michael Econn

       Theodore O. Rogers, Jr., Esq.
       Sullivan & Cromwell LLP
       125 Broad Street
       New York, NY 10004
       (212) 558-3467
       Attorneys for defendants Barclays Bank PLC and Barclays Capital, Inc.

2. Concise Statement of the Issues

Plaintiff is a former employee of Barclays, whose employment ended in June 2004. Barclays paid plaintiff's legal fees, as well as those of other Barclays employees, relating to an ongoing SEC investigation. In the Spring of 2006 Barclays halted payment of Econn's attorneys' fees. Plaintiff alleges that Barclays' decision to stop payment of his fees represents retaliation in violation of Section 806 of the Sarbanes Oxley Act of 2002; that Barclays was contractually obligated to pay his fees; and that under Connecticut law plaintiff was entitled to the payment of his fees. Plaintiff also claims that Barclays' decision not to pay plaintiff a cash bonus for 2003 represented a violation of Article 6 of New York's Labor Law.

Defendant contends that it stopped payment of Econn's attorneys' fees for legitimate reasons and that as a matter of law and fact it did not violate Sarbanes Oxley Act; that it had no contractual obligation to pay plaintiff's fees, and that the fees were not required to be paid under Connecticut law. As to plaintiff's wage law claim, Barclays denies that it had any obligation to pay Econn a bonus for 2003.

3. Proposed Schedule

    a.    Deadlines relating to pleadings

        i.    The deadline by which the parties may amend their pleadings or join other parties is two weeks after the service of initial disclosures.

    b.    Document requests and interrogatories

        i.    The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 8, 2010.

        ii.    The parties will serve their requests for the production of documents on or before October 8, 2010.

        iii.    The parties will serve initial interrogatories, if any, on or before October 8, 2010.

- iv. The parties currently expect to complete document production by February 18, 2011. The parties have agreed to confer in order to expedite the production of documents and will approach the Court as soon as practical if any currently unanticipated problems may require an extension of the document production schedule.

c. Deposition schedule – non-experts

- i. Defendant will depose Mr. Econn within 20 days after the completion of document production.
- ii. Plaintiff currently expects to depose Steven Landzberg, Michael Keegan, Paul Lukaszewski, Roger Jenkins, Bob Diamond, Grant Kvalheim, Chester Feldberg. Plaintiff will notice the depositions to begin within 20 days after Mr. Econn's deposition.
- iii. The parties may seek to depose other witnesses who may be identified in the course of discovery.
- iv. The parties currently expect to complete depositions of all non-expert witnesses by June 30, 2011. The parties will approach the Court as soon as practical if any currently unanticipated problems may require an extension of the deposition schedule.

d. The parties currently expect to complete all non-expert discovery by June 30, 2011

e. Expert disclosure

- i. The parties will exchange identities of testifying experts within 15 days after the close of fact discovery. Either party may counter-designate an expert within 15 days thereafter.
- ii. The parties will serve their expert reports within 30 days after the close of fact discovery. Rebuttal reports, if any, would be served within 30 days thereafter.

       f.      Expert depositions

              i.     Depositions of experts shall be completed 30 days after the time for rebuttal expert reports.

       g.      Pre-Trial Motions or Pretrial Order

              i.     A motion for summary judgment shall be filed by August 1, 2011. Pre-trial order materials shall be submitted by plaintiff to defendant within 20 days after decision on the summary judgment motion, if necessary. A joint pretrial proposed order shall be submitted within 20 days thereafter.[1]

4.    Limitations to be Placed on Discovery

The parties expect to negotiate and submit to the Court a proposed Confidentiality Order.

5.    At present there are no discovery issues as to which the parties have been unable to reach agreement.

6.    The anticipated fields of expert testimony are: damages.

7.    Trial is anticipated to last 5-7 days. A jury has been requested.

8.    Settlement Discussions and Mediation – Counsel for the parties have discussed these matters, and are prepared to discuss them with the Court at the Case Management Conference.

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: September 22, 2010
New York, New York

SO ORDERED:

_____
Gabriel W. Gorenstein
U.S.M.J.